**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE:

JOSEPH BALDRIDGE and  　　　　　　　　　　Case No. 12-14612
DIANNE BALDRIDGE,  　　　　　　　　　　　　Bankruptcy Case No. 12-42961

　　　　Debtors.
_____/

JOSEPH BALDRIDGE and
DIANNE BALDRIDGE,

　　　　Appellants,

v.

DOUGLASS ELLMANN,
CHAPTER 7 TRUSTEE,

　　　　Appellee.
_____/

**OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S DECISION
TO DENY APPELLANTS' HOMESTEAD EXEMPTIONS**

Appellants Joseph Baldridge and Dianne Baldridge appeal the bankruptcy court's denial of Appellants' exemptions in the proceeds from the sale of their home after finding that the home had no equity. Appellee Douglass Ellmann, the Chapter 7 Trustee, responded, and a hearing on the matter is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will affirm the bankruptcy court's decision.

**I. BACKGROUND**

Joseph Baldridge and Dianne Baldridge ("Debtors") filed a Chapter 7 Bankruptcy on February 10, 2012. The bankruptcy petition included $150,000 of tax debt, $157,238 of unsecured debt, and Debtors' home, located at 2720 Brassow Road, Saline,

Michigan, 48176 (the "Property"). At the time of filing, the Property had a first mortgage with a balance of $158,189.56 owed to Citizens Bank ("Citizens") and a second mortgage with a balance of $512,861.20 owed to Fifth Third Bank ("Fifth Third"). Debtors did not claim an exemption on the Property at the time of filing. The bankruptcy court discharged Debtors from their dischargeable debt on October 4, 2012.

Citizens and Fifth Third separately obtained a lift of the automatic stay, and Citizens proceeded to foreclose on the Property. The Trustee identified a purchaser and, on July 16, 2012, moved to sell the Property free and clear of all liens for $503,000. Fifth Third objected to the motion but eventually reached a settlement with the Trustee. Pursuant to the agreement, after the sale proceeds were used to satisfy the first mortgage, Fifth Third would accept the remaining proceeds. From that amount, Fifth Third would pay the Trustee's broker, closing costs, and $28,000 to the bankruptcy estate as a "carve-out" pursuant to 11 U.S.C. § 506(c).

Debtors also objected to the Trustee's motion, arguing that they were entitled to exempt a portion of the sale proceeds. On August 29, 2012, when the bankruptcy court held a hearing on the motion, each Debtor, for the first time in the case, formally claimed a $10,800 homestead exemption pursuant to 11 U.S.C. § 522(d)(1) in the proceeds of the sale. The bankruptcy court found that Debtors' exemptions were subordinate to Fifth Third's second mortgage lien and that there was no equity in the Property that Debtors could exempt. The bankruptcy court further ruled that Fifth Third's $28,000 payment to the estate as a carve-out to the Trustee under 11 U.S.C. § 506(c) did not constitute equity that was subject to Debtors' exemptions.

## II. DISCUSSION

Debtors appeal the bankruptcy court's ruling that they may not claim an exemption in the proceeds from the sale of the Property. A bankruptcy court's legal conclusions are reviewed *de novo*. *In re Eagle-Picher Indus., Inc.*, 285 F.3d 522, 527 (6th Cir. 2002). A debtor may exempt certain "property of the estate" that existed when the bankruptcy petition was filed. 11 U.S.C. § 522(b). "Property of the estate" is comprised of all of the debtor's rights and interests in any property at the time of filing. 11 U.S.C. § 541. The types of property that may be exempted are specified under 11 U.S.C. § 522(d). While exempt property is protected against unsecured debts, 11 U.S.C. § 522(c), it is not protected against secured debts, 11 U.S.C. § 522(c)(2). Exemptions are subordinate to a secured creditor's lien on real property. 11 U.S.C. § 522(c)(2); *In re Johnson*, 439 B.R. 416, 442-45 (Bankr. E.D. Mich. 2010) (holding that when a debtor grants a consensual lien in property, the debtor waives the exemptions in that property). Consequently, if the amount of the secured debt exceeds the fair market value of the property such that there is no equity, the exemption is lost. *In re Neal*, 424 B.R. 235, 236 (Bankr. E.D. Mich. 2010) ("The debtors are only entitled to an exemption to the extent there is equity in the property."). As the Ninth Circuit Bankruptcy Appellate Panel explained:

> Section 522(d) exempts the debtor's interest in property—not the property itself. The value that can be exempted is the unencumbered portion. Consequently, the amount of exemption available to a debtor is the lesser of either the equity in the property or the maximum amount of the applicable exemption.

*In re Urban*, 375 B.R. 882, 885 n.7 (B.A.P. 9th Cir. 2007).

Debtors assert that they may claim an exemption in the Property. 11 U.S.C. § 522(d)(1) allows a debtor to claim a homestead exemption that does not exceed $21,625 in the value of real property that a debtor uses as a residence. Each Debtor claimed a homestead exemption of $10,800, for a total of $21,600. Citizens held a first mortgage with a balance of $158,189.56, and Fifth Third held a second mortgage with a balance of $521,861.20. The agreed-upon sales price for the Property is $503,000. After the sale proceeds are applied to satisfy the first mortgage, the remaining amount, approximately $344,811, is insufficient to satisfy the amount owed on Fifth Third's second mortgage of $521,861.20. As Fifth Third's lien is not satisfied, there is no equity in the Property to which Debtors can claim their homestead exemptions.

Debtors argue that they are entitled to claim an exemption against the $28,000 that Fifth Third paid to the bankruptcy estate pursuant to its settlement agreement with the Trustee. 11 U.S.C. § 506(c) allows for carve-out payments in which "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property." Fifth Third, in resolving its objection to the Trustee's motion, agreed to pay $28,000 to the bankruptcy estate as a carve-out under 11 U.S.C. § 506(c). Debtors argue that because the $28,000 carve-out benefits the estate, they hold an interest in the payment and, consequently, it constitutes "property of the estate" under 11 U.S.C. § 541. Thus, Debtors claim that the $28,000 carve-out is subject to their homestead exemptions.

4

"Property of the estate" is comprised of "all legal or equitable interests of the debtor in property *as of the commencement of the case*." 11 U.S.C. § 541(a)(1) (emphasis added).  The $28,000 carve-out, therefore, cannot constitute "property of the estate" because it was generated as a result of the Trustee's efforts in selling the Property—after Debtors filed their bankruptcy petition.  Furthermore, the court reiterates that, because Debtors' exemptions are subordinate to Citizen's and Fifth Third's consensual secured liens, Debtors can only claim an exemption if there is equity in the Property.  As the sale proceeds are insufficient to satisfy both mortgages, there is no equity for Debtors to exempt.  The $28,000 carve-out does not transform into home equity simply because it is paid to the estate.  Fifth Third was entitled to all of the sale proceeds remaining after the first mortgage was satisfied.  The estate received the $28,000 carve-out only upon Fifth Third's voluntary agreement to pay the estate out of the proceeds to which Fifth Third was owed; were it not for Fifth Third agreeing to pay the carve-out, the bankruptcy estate would have received nothing.  Debtors may not now reap a benefit they could not have otherwise obtained just because Fifth Third voluntarily agreed to pay the estate from proceeds that Fifth Third was rightfully owed.

### III. CONCLUSION

Accordingly, IT IS ORDERED that the bankruptcy court's decision to deny Appellants' exemptions in the proceeds from the sale of the property located at 2720 Brassow Road, Saline, Michigan, 48176 is AFFIRMED.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: April 24, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 24, 2013, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522